**Renato Arguinoso AVENIDO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74470.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Dec. 11, 2006.

Rodel E. Rodis, Esq., Law Offices of Rodel E. Rodis, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Petitioner Renato Arguinoso Avenido appeals from the Board of Immigration Appeals decision denying him eligibility for asylum and withholding of deportation. The Board's decision that Avenido was not a "refugee" under 8 U.S.C. § 1101(a)(42) because he was not persecuted on account of political opinion was supported by substantial evidence. We affirm.

We review the last-reasoned decision below, in this case the Board's decision. *See Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004). The Board's factual determinations are reviewed for "support[ ] by reasonable, substantial, and probative evidence on the record considered as a whole." *I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The Secretary of Homeland Security and the Attorney General have discretion to grant asylum to refugees. 8 U.S.C. § 1158(b)(1)(A). A "refugee" is a person who has suffered from past persecution or has a well-founded fear of future persecution "on account of ... political opinion." 8 U.S.C. § 1101(a)(42)(A). An applicant for asylum bears the burden of establishing that he is refugee. 8 U.S.C. § 1158(b)(1)(B).

■ Avenido's testimony did not directly and specifically establish that he was persecuted on account of political opinion. *See Ladha v. I.N.S.,* 215 F.3d 889, 901 (9th Cir.2000). Avenido is therefore also not entitled to a presumption of a well-founded fear of future prosecution, *see* 8 C.F.R. § 208.13(b)(1), and that claim, based on the same events as was the past-persecution claim, fails as well.

Avenido failed to establish persecution. He did not persuasively explain why Mayor Gordon would persecute him despite the fact that the Mayor suffered no significant political consequences after Avenido's supposedly devastating exposé. Avenido's testimony was vague and contradictory even when describing such central elements as his work as a journalist in the Philippines and his claim that the Mayor hired a hit man to kill him. The evidence thus does not compel a conclusion contrary to the Board's.

■ Qualifying for withholding of deportation requires a "clear probability of persecution" upon deportation. *Acewicz v. I.N.S.,* 984 F.2d 1056, 1062 (9th Cir.1993). Because Avenido failed to qualify for asylum, he necessarily failed to meet the more rigorous standard for withholding of deportation. *Ghaly v. I.N.S.,* 58 F.3d 1425, 1429 (9th Cir.1995).

PETITION DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

